UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EL AMIN BASHIR,

    Plaintiff,

vs.                                CASE NO. 3:07-cv-309-J-32TEM

UNITED STATES OF AMERICA,

    Defendant.
_____

**O R D E R**

*Pro Se* Plaintiff, El Amin Bashir has filed a document entitled "Defendant [sic] Motion for Extension of Time to File Response/Reply (Doc. #10). This document requests leave of Court for Plaintiff to file a reply to Defendant's response to Plaintiff's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1). To date, Defendant has not filed a response to the motion to vacate, but has been given an enlargement of time through January 14, 2008 to file its response. It appears Plaintiff misunderstood the Court's order directing the United States to file a response, and now seeks to enlarge time to file a reply to a response. *See* Doc. #8, Court Order.

Rule 7(a) of the Federal Rules of Civil Procedure limits the pleadings that may be filed in an action and requires a court order before a reply to a responsive pleading may be filed. Rule 7(a) specifies:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).

Plaintiff's § 2255 motion operates as a civil complaint in this action. Although Rule 7(a) vests the Court with discretion to order a reply to a responsive pleading, such action is rarely taken. *See, e.g.*, *Hyman v. Regenstein,* 222 F.2d 545 (5th Cir. 1955)[1] (court refused to require plaintiff reply to defendant's answer); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (the Federal Rules of Civil Procedure do not permit a response to an answer that does not contain a counterclaim); *Moviecolor Ltd. v. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D.N.Y. 1959) (a reply to an affirmative defense would not be ordered absent a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature).

Furthermore, Plaintiff should be aware that Rule 3.01, United States District Court, Middle District of Florida, precludes that filing of additional briefing beyond the initial motion and response, unless permitted by the Court. Specifically, Local Rule 3.01 provides in pertinent part:

> RULE 3.01 MOTIONS; BRIEFS AND HEARINGS
> (a) In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.
>
> (b) Each party opposing a motion or application shall file within ten (10) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages.
>
> (c) No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave.

U.S. Dist. Ct. Middle Dist. Fla. Loc. R. 3.01 (a-c) (2006).

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Thus, upon due consideration it is hereby **ORDERED:**

Plaintiff's motion (Doc. #10) seeking an enlargement of time to file a reply to Defendant's response to the § 2255 Motion to Vacate, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of January, 2008.

Copies to all counsel of record
and *pro se* parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge