**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EL AMIN BASHIR,

        Petitioner,

vs.                                      Case No. 3:07-cv-309-J-32TEM
                                                  3:02-cr-115-J-32TEM

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**[1]

This case is before the Court on petitioner El Amin Bashir's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1), the United States' Response (Doc. 12), petitioner's Traverse Motion in Answer to Respondent's Response (Doc. 19) and petitioner's Motion for Leave to Amend, which the Court will grant and consider as filed. (Doc. 20.) Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On November 13, 2002, petitioner and two others, Robert Mills and Jamad Ali, were indicted for conspiracy to possess at least five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One) and

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

attempt to possess at least five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (Count Two).  (Crim. Doc. 75.)  Petitioner proceeded to trial and was found guilty of both counts on March 7, 2003.  (Crim. Doc. 213.)  On July 3, 2003, the Count sentenced petitioner to 142 months imprisonment on each count, to run concurrently.  (Crim. Doc. 244.)

Petitioner appealed and the Eleventh Circuit affirmed petitioner's conviction and sentence on July 15, 2004.  (Crim. Doc. 278.)  Petitioner sought certiorari review by the United States Supreme Court and on April 4, 2005, the Supreme Court granted certiorari and remanded the case to the Eleventh Circuit for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005).  Bashir v. United States, 544 U.S. 957 (2005).  On December 13, 2005, the Eleventh Circuit again affirmed petitioner's conviction and sentence.  (Crim. Doc. 286.)  The Supreme Court denied petitioner's second request for certiorari review on April 17, 2006.  Bashir v. United States, 547 U.S. 1072 (2006).

On April 16, 2007, petitioner timely filed his § 2255 petition.  (Doc. 1.)  He raises four substantive grounds for relief: (1) trial counsel was constitutionally ineffective for failing to communicate a plea offer; (2) his sentence is unconstitutional pursuant to Booker; (3) trial counsel was constitutionally ineffective for failing to preserve an objection that his sentence exceeded the maximum guideline range of imprisonment; and (4) appellate counsel failed to raise the guideline issue on appeal.

**I. Legal Standard**

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

An allegation of ineffective assistance of counsel must normally be raised by collateral attack. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). To establish an ineffective assistance of counsel claim a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Id. at 691-92. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. The proper assessment of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.  A court must afford a strong presumption that a counsel's conduct falls

within the wide range of reasonable professional assistance; a defendant must overcome the presumption that, under the particular circumstances, the challenged action might be considered sound trial strategy. Id. (citation omitted). However, a court need not address the adequacy of counsel's performance where the defendant has failed to show sufficient prejudice. Strickland, 466 U.S. at 697; Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

**II. Analysis**

### a. Trial Counsel was not ineffective at the plea bargaining stage

Petitioner claims that trial counsel was ineffective for failing to inform petitioner of a potential plea deal with the government. (Doc. 2 at 3.) However, the government correctly points out that petitioner has failed to allege facts that, if true, would entitle him to relief on this ground. Petitioner alleges that the government offered co-defendant Robert Mills a plea deal during jury deliberations in Mills' trial. (Doc. 3 ¶ 6.) The jury returned a guilty verdict as to Mills on January 10, 2003, one week before the commencement of petitioner's trial. (Doc. 161.) Petitioner argues that his trial counsel was ineffective for failing to inform him of the plea offer as to Mills, which petitioner claims he would have accepted. In relevant part, his affidavit states:

4

> Affiant was not aware of any kind plea offered until he arrived at Otisville Correction Institution whereas his Co-Defendant Robert Mills informed the affiant that Government had offer plea of four years.
>
> . . .
>
> The plea offer was made by the United States Attorney Henry at the conclusion of Co-defendant Mills trial and this offer was directly approved by United States Attorney Perez who was called by United States Attorney Henry to approve this offer. Had affiant been properly notified and made aware of this offer the affiant would have requested that his counsel take the immediately necessary steps to secure the plea offered.

(Doc. 3 at ¶¶ 4, 6.) In its response to petitioner's papers, the government states that it "never entertained the idea of extending a plea offer to [petitioner], and indeed, [petitioner] does not affirmatively state that an offer was received by counsel." (Doc. 12 at 9.) The government claims that its decision to offer Mills a plea deal was informed by the trial proceedings as to that defendant, which included ten jury questions, a modified Allen charge and a government request for mistrial which was opposed by the defendant.

None of those facts were present in petitioner's case and it does not follow that the government's offer to Mills was applicable to petitioner as well. The government denies that it offered petitioner a plea deal and petitioner has made no such specific allegation to the contrary. Petitioner has failed to allege any facts regarding a plea deal specific to him that would show that his lawyer's performance was deficient.

Furthermore, petitioner is not entitled to an evidentiary hearing because "[a]

5

hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).  A petitioner who alleges ineffective assistance of counsel based on counsel's failure to inform him of a plea offer but fails to disclose the details of that offer is not entitled to an evidentiary hearing.  Saunders v. United States, 278 F. App'x 976, 979 (11th Cir. 2008) (unpublished).  While petitioner provided sufficient details of the government's plea offer to his co-defendant Mills, he provided no details of any alleged plea offer made to him.  Accordingly, he is not entitled to an evidentiary hearing and his claim is without merit.

### b. Petitioner's other arguments are without merit

Petitioner's other three claims all center around the sentencing proceedings and the undersigned's guidelines calculation.  Citing recent Supreme Court cases, petitioner claims that his sentence was unconstitutional because the drug quantity used to determine his guidelines range was not submitted to the jury or proven beyond a reasonable doubt.  Petitioner also argues that both trial and appellate counsel were ineffective for failing to raise these issues.  These arguments are without merit.  Counsel did not perform deficiently by failing to raise issues at sentencing or on appeal that were without merit at that time; the law "cannot and does not include a requirement to make arguments based on predictions of how the law

may develop." Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994). Petitioner's counsel was not expected to foresee the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and/or United States v. Booker, 543 U.S. 220 (2005). While petitioner claims that he directed his lawyer to raise the Apprendi issue on appeal and submits contemporaneous letters in support of this assertion, the letters neither prove this fact nor entitle petitioner to relief. An Apprendi argument as applied to petitioner was without merit under then existing law and "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." See Heath v. Jones 941 F.2d 1126, 1130-31 (11th Cir. 1991) (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). The Eleventh Circuit has examined petitioner's sentence twice; because it has failed to find error even after the Supreme Court remanded for further consideration in light of Booker, petitioner cannot prove that any alleged errors by counsel at sentencing were prejudicial or that his sentence violates the Constitution.

Any other grounds not specifically addressed are without merit. Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion to Amend/Correct Reply (Doc. 20) is **GRANTED**. The Court will consider the amended papers as filed.

2. El Amin Bashir's Motion to Vacate, Correct, or Modify Sentence Pursuant

to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment in favor of the United States and against El Amin Bashir, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2008.

_____
**TIMOTHY J. CORRIGAN**
United States District Judge

jcd.

Copies:
counsel of record
pro se party